**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ALLEN EUGENE VAUGHN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:08 CV 278 PS |
| | ) | |
| ANDREA PROPS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION AND ORDER

Allen Vaughn, a prisoner confined at the Pendleton Correctional Facility, submitted a document to this court with the following confusing title: "Notice of Removal of Criminal Prosecution Against Aggravated Persons Denied Civil Rights Under Law Providing for Equal Civil Rights, and Cannot Enforce that Right in the Courts of Indiana, Due to a Deprivation of the Statutory Protection Provided for Under The State and Federal Wiretap Act (28 U.S.C. § 1443)." (DE #1-1 at p. 1). He lists as respondents Deputy Marion County Prosecutor Andrea Props, Marion Superior Court Judge William Young, the Marion County Prosecutor's Office, the Indianapolis Police Department, and Indianapolis Police Officers Bobbie James and Mark Campbell. Within the body of his petition, Vaughn asks this court to issue a writ of habeas corpus on his behalf, and because of this, the clerk's office opened this case as a habeas corpus action pursuant to 28 U.S.C. § 2254.

The petitioner's submissions are difficult to decipher. On the one hand, he states that he wishes to remove a criminal prosecution to this court. But he also uses language in his submissions that make it appear he is seeking a declaratory judgment (DE #1-4 at pp. 2-6) under § 1983 and the Federal Wiretap Act. (DE #1-1 at p. 6).[1] Finally, he also asks the court to issue a writ of habeas

---

[1] The docket of the United States District Court for the Southern District of Indiana establishes that on December 14, 2006, Allen E. Vaughn filed a compliant against Marion County, Judge William E. Young, and Andrea A. Props. Vaughn also lists both Judge Young and Ms. Props as respondents in this

corpus. (DE #1-1 at p. 7).

To the extent Vaughn seeks to remove his criminal prosecution to this court from the state court system, his request is untimely. Based on the documents Vaughn submitted, it appears that in 2003 he was convicted in the Marion Superior Court of drug dealing. He now seeks to remove that criminal case to this court. Pursuant to 28 U.S.C. § 1446(c)(1):

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1). Accordingly, the time within which Vaughn could attempt to remove his criminal prosecution without approval of the district court has long since past. Indeed, that criminal prosecution concluded several years ago. Moreover, even if his request for removal was timely, Vaughn shows no justification for the removal of his criminal case, and does not establish good cause for the belated nature of his request.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with state criminal proceedings in deference to principles of equity, comity, and federalism. Underlying this rule is the assumption that a plaintiff's federal constitutional claims can fairly be vindicated in state court proceedings without federal intrusion. *Grandco Corp. v. Rochford*, 536 F.2d 197, 202 (7th Cir. 1976). Vaughn presents no circumstances that would justify the court in concluding that it should make an exception to this rule in this case. Vaughn's criminal prosecution has not actually been removed from State Court and therefore a remand is both unnecessary and improper. Because his criminal case was not removed, the state courts never lost jurisdiction over it.

---

petition. That case, #1:06-cv-01783-LJM-JMS, was dismissed without prejudice on August 20, 2007.

Although Vaughn may not remove his criminal case, he might be able to pursue this case as either a request for declaratory judgment or as a petition for writ of habeas corpus. In either event, this court must review the petitioner's submissions before allowing him to proceed. If the petitioner's submissions constitute a request for declaratory judgment, this court must review them pursuant to 28 U.S.C. § 1915A. If his submissions constitute a request for habeas corpus relief under 28 U.S.C. § 2254, the court must review them pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Whether Vaughn's submissions are construed as a request for declaratory relief or as a petition for writ of habeas corpus, the materials before the court establish that he has filed his petition in the wrong district.

The petitioner is confined at the Pendleton Correctional Facility, which is within the geographical boundaries of the United States District Court for the Southern District of Indiana, and all of the respondents reside in Marion County, which is also in the Southern District of Indiana. Proper venue for his declaratory judgment action is therefore in that judicial district. 28 U.S.C. § 1391(b). To the extent the petitioner seeks to pursue this as a petition for writ of habeas corpus, he has also filed it in the wrong venue. Pursuant to 28 U.S.C. § 2241:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in the furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Vaughn was convicted in a state court within the geographical boundaries of the Southern District of Indiana, and he is currently confined at a facility within the Southern District. Accordingly, pursuant to 28 U.S.C. § 2241(d), he may not file a petition for writ of habeas corpus

in this district.[2]

Under 28 U.S.C. § 1406(a), when a case is filed in the wrong district, "(t)he district court of a district in which a case is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether to transfer or dismiss an action is within the discretion of the district court. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D. D.C. 1983), *cert. denied*, 467 U.S. 1210 (1984). Because Vaughn seems to be confused as to the nature of this proceeding, and because the court is unable to determine what Vaughn intends, I will exercise my discretion to dismiss this petition without prejudice rather than transfer it to the Southern District. Because the dismissal is without prejudice, Vaughn may refile his case in the Southern District, if he wishes, as either a civil action for declaratory judgment or as a petition for writ of habeas corpus.

For the foregoing reasons, the court **DENIES** the petitioner's request to remove his state criminal case to this court and **DISMISSES** this cause of action without prejudice pursuant to 28 U.S.C. § 1406(a) because the petitioner has filed it in the wrong venue and the court has determined that dismissal, rather than transfer, is appropriate.

**SO ORDERED**.

**ENTERED**: March 16, 2009

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] According to the docket of the United States District Court for the Southern District of Indiana, the petitioner filed a petition for writ of habeas corpus, under the cause number 1:06-cv-01750-JDT-TAB, in that district on December 7, 2006, seven days after he filed his civil action in 1:06-cv-01783-LJM-JMS. On March 2, 2007, Vaughn moved to dismiss his petition without prejudice, and the court granted his request and dismissed his petition without prejudice on March 7, 2007.

4